UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TRAVON BARROW,

                                    Plaintiff,

                -against-                    **COMPLAINT**

THE CITY OF NEW YORK; POLICE        Jury Trial Demanded
OFFICER ADAM BISCHOFF (SHIELD NO.
18579); POLICE OFFICERS JOHN and JANE
DOE 1-10.

                                   Defendants.

------------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Travon Barrow ("plaintiff", "Mr. Barrow") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants Police Officer Adam Bischoff ("Bischoff") was a police officers employed by the NYPD. At all times relevant times herein, Bischoff was acting as an agent, servant and employee of defendant City of New York and the NYPD. Bischoff is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On August 19, 2013 at or about 12:01 a.m., Plaintiff was lawfully in an automobile in the vicinity of Saint Nicholas Avenue and West 166th Street in New York, Manhattan, NY.

14. Earlier that evening plaintiff had purchased the automobile.

15. Several police officers, including Bischoff, demanded that plaintiff produce identification and proof of insurance. Plaintiff complied.

16. The defendants asked plaintiff why his car had "Dealer" plates. Plaintiff explained that he had just purchased the vehicle.

17. Plaintiff provided the defendants with paperwork demonstrating his recent purchase.

18. Plaintiff provided the defendants with contact information for the seller of the car.

19. Defendants, including Bischoff, then arrested Plaintiff, despite the fact that they had no probable cause to do so.

3

20.     Defendants transported Plaintiffs to the Precinct.

21.     At the precinct, the officers called the car's seller, who confirmed plaintiff's account.

22.     Notwithstanding, defendant officers misrepresented to the Manhattan District Attorney's Office that Plaintiff criminally possessed a forged instrument.

23.     Plaintiff was then transported to Central Booking.

24.     Approximately twenty-four hours later, plaintiff was arraigned in Manhattan Criminal Court, and released.

25.     Ultimately, all charges against plaintiff were dismissed.

26.     Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to their reputation and loss of income.

## FIRST CLAIM
## 42 U.S.C. § 1983

27.     Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

28.     Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

29. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Unlawful Stop and Search**

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
**False Arrest**

33. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiffs without probable cause.

35. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against Plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the Manhattan County District Attorney's office.

39. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
**Malicious Prosecution**

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

44. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### Failure To Intervene

45. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

i. Compensatory damages against all defendants, jointly and severally;

ii. Punitive damages against the individual defendants, jointly and severally;

iii. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

iv. Such other and further relief as this Court deems just and proper.

DATED:   June 24, 2014
         New York, New York

                                            Robert Marinelli
                                            299 Broadway, 15th Floor
                                            New York, New York 10007
                                            (212) 822-1427
                                            robmarinelli@gmail.com

                                            *Attorney for plaintiffs*